# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| STACEY A. ATWATER | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | 1:10-cv-00333-GZS |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) | |
| | ) | |
|     Defendant | ) | |

## RECOMMENDED DECISION

This matter has been referred to me for a recommended decision on the Commissioner's motion for a voluntary remand for further hearing before an Administrative Law Judge under sentence four of 42 U.S.C. § 405(g). (Doc. No. 17.) Although this relief is the exact relief requested in plaintiff's Statement of Specific Errors (Doc. No. 16, at 12), plaintiff's counsel objects because of concern that the consented-to remand as framed by the Commissioner would allow the Administrative Law Judge to avoid hearing additional evidence or reconsidering his finding made at step 3 of the sequential analysis. Instead, plaintiff's counsel wants a remand with an order for payment of benefits because he maintains that as a matter of law his client meets or exceeds Listing 12.05(C) and is entitled to a finding of "disabled."

Faced with this perplexing problem, I scheduled a status conference of counsel to discuss the matter more fully, especially in light of the practical implications of the current contretemps, and determined, without any apparent objection from either counsel, that the most cost effective and expeditious way to address these issues is for this Court to grant the Commissioner's motion for voluntary remand, but include within that order of remand specific instructions that the Administrative Law Judge should reconsider the entire record, including his step 3 finding, based

upon the additional evidence plaintiff's counsel presents at the hearing. Extending the remand order to specifically direct reconsideration of the step 3 issue and to allow for an evidentiary presentation at the hearing would occur without the consent of the Commissioner, but would direct the Commissioner to perform a review that is well within the scope of his review authority. Accordingly, I recommend that the Court grant the Commissioner's motion for a voluntary remand, subject to the language set forth at the conclusion of this Recommended Decision.

The purely legal issue presented by this appeal is an interesting one which ultimately this Court may need to decide, but as plaintiff's counsel indicated during the telephone conference, there is no special benefit in being the "poster child" vindicating a legal principle (or, more unpleasantly, the "poster child" on the losing end of a legal battle) when the issue may be avoided with the benefit of further administrative proceedings. The Commissioner concedes that in Ouelette v. Apfel, 2:00-cv-112-DBH, 2000 WL 1771122 (D. Me. Dec. 4, 2000), this Court held that a low IQ score, in and of itself, establishes mental retardation if the IQ score was obtained before age 22. The Commissioner believes that this Court's prior ruling was erroneous given the specific language in the preamble to Listing § 12.05(C), which requires that in order to meet or exceed this listing the claimant must also show deficits in adaptive functioning prior to age 22. According to the Commissioner, Ouelette was wrongly decided because it relied on precedent set prior to the revision of Section 12.05(C) in 2000. The Commissioner cites to precedent from other circuits that would interpret the Listing requirement in a different manner.

Notwithstanding the listing dispute at step 3, the Commissioner has agreed that the plaintiff's Statement of Specific Errors raises issues that warrant a remand at other steps of the sequential analysis. Furthermore, counsel for the Commissioner conceded that once the matter

has been remanded to an Administrative Law Judge, the judge would be free to consider the step 3 analysis anew in light of additional evidence supplied by the plaintiff. Plaintiff's counsel's concern is that, based on his prior experience, the judge might choose to limit consideration to only those matters specifically mentioned in the consented-to remand order. Both counsel agree that this would not occur if the Court issued an order of remand that directed otherwise.

## Conclusion

I now recommend that the Court grant the Commissioner's motion for remand and adopt an Order of remand containing the following language:

> Upon remand of the case by this Court, the DRB will remand it to an Administrative Law Judge with instructions to provide Plaintiff with the opportunity to appear at an administrative hearing and submit additional and relevant evidence; give further consideration to the Plaintiff's severe impairments (including obesity and borderline intellectual functioning) both prior and subsequent to the date last insured; **evaluate the Plaintiff's intellectual functioning in the context of Listing 12.05(C)**; determine the Plaintiff's RFC supported by substantial evidence both prior and subsequent to the date last insured; evaluate whether the Plaintiff's work as a personal care attendant, or other work, constituted past relevant work at the level of substantial gainful activity; if so, compare Plaintiff's RFC with the functional requirements of the job; and, if Plaintiff has no past relevant work or is unable to perform past relevant work, proceed to step 5 of the sequential evaluation process.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 18, 2011